UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

---

In re:

HANH HIEU DANG,

       Debtor.

Case No. 11-10091
Chapter 7

_____/

## OPINION REGARDING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTION UNDER 11 U.S.C. § 522(d)(10)(C) and/or 11 U.S.C. § 522(d)(11)(E)

Appearances:

Harold E. Nelson, Esq., Grand Rapids, Michigan, attorney for John Porter.

David Stempfly, Esq., Holland, Michigan, attorney for Hanh Hieu Dang.

## I. ISSUE.

The Debtor claims an exemption in funds received as the result of a settlement of a worker's compensation claim pursuant to 11 U.S.C. § 522(d)(10)(C) and (d)(11)(E). The Trustee objects. The issue presented is whether the Debtor may properly exempt the funds received.

## II. JURISDICTION.

This court has jurisdiction over this bankruptcy case. 28 U.S.C. § 1334. The bankruptcy case and all related proceedings have been referred to this court for decision. 28 U.S.C. § 157(a); L.R. 83.2 (W.D. Mich.). This is a core proceeding because it involves the allowance or disallowance of exemptions. 28 U.S.C. § 157(b)(2)(B). This opinion

constitutes the court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

## III. FACTS AND PROCEDURAL HISTORY.

Two witnesses testified at an evidentiary hearing held on May 1, 2012. Hanh Hieu Dang, the "Debtor," testified. His testimony was credible, and is accepted by the court. Michael W. Podein, "Attorney Podein," the Debtor's counsel in his worker's compensation case, also testified. His testimony was also credible and was very helpful to the court.

The Debtor sustained a job related injury (loss of a finger and part of his hand) on February 16, 2011. (Tr. at 22.) The Debtor hired Attorney Podein to handle his worker's compensation claim based on the injury.

On September 6, 2011, a redemption agreement was entered into by the Debtor, his employer and its insurance carrier, Zurich American Insurance Company ("Zurich"). (Trustee's Exh. 2.) The agreement documented that the Debtor had received injuries, that a dispute existed, and that the parties settled the dispute for a lump sum payment of $193,143.60.

Also on September 6, 2011, a magistrate for the Michigan Department of Energy, Labor & Economic Growth, Workers' Compensation Agency/Board of Magistrates, signed a Redemption Order approving the agreement and providing that $19,364.49 would be paid to Attorney Podein, $100 paid to the State of Michigan for fees, and the balance of $173,679.49 paid to the Debtor. (Trustee's Exh. 3.)

Attorney Podein testified that the redemption order allocated 100% of the award to wages. However, *in his opinion*, he believed that 75% should be allocated to wages and 25% to medical expenses. (Tr. at 29.) He also testified, after reviewing his file, that he had

2

determined that the Debtor would require, if he chose to obtain prosthetics, three separate prosthetic hands during his life expectancy at an approximate cost of $65,000 per hand. (Tr. at 30.)

Attorney Podein explained that the paperwork in worker's compensation cases is not final until fifteen days after a hearing. The fifteen day appeal period in the Debtor's case began running on September 7, 2011. (Tr. at 11.) At 5:00 p.m. on the fifteenth day, the award becomes final and nonreviewable. Until then, each side has the right to attempt to revoke the settlement award. (Tr. at 11-12.) Typically, no money is disbursed during the fifteen day appeal period. (Tr. at 14.)

The Debtor filed his petition for relief under chapter 7 of the Bankruptcy Code on October 3, 2011. His son-in-law helped him prepare the papers with his attorney. (Tr. at 45.) He listed the value of his worker's compensation claim as "unknown" upon the advice of his attorney. (Tr. at 46.) The Debtor listed his exemption to preserve the worker's compensation settlement funds because he has no other income. (Tr. at 36-37.)

The Debtor personally checks his mailbox daily. (Tr. at 40.) The Debtor testified he received a check issued by Zurich in the mail on October 4, 2011. The check was dated September 23, 2011. (Trustee's Exh. 1.) The check issued by Zurich to the Debtor contains two signatures, one computer generated and one personally handwritten. (Trustee's Exh. 1.) The Debtor deposited the check in the amount of $173,679.49 from Zurich into his account on October 4, 2011. (Debtor's Exh. B.) The Debtor's bank placed a hold on the funds until October 14, 2011. (Debtor's Exh. B.; Tr. at 43-44.) There was no evidence presented that the Debtor has expended any of the funds deposited. The court finds that the Debtor was entitled to receive the settlement funds on the date the

3

bankruptcy was filed.   The court further finds that the Debtor still has the lump sum redemption funds.

Attorney Podein testified that, in his experience, workers' compensation insurance companies do not issue checks before the sixteenth day following the entry of a redemption agreement order.  He knows that some of his other clients have waited as long as sixty days to receive a settlement check.  (Tr. at 18.)  Reiterating somewhat, the court finds that this Debtor also waited for the insurance company to process the release of the check and, as of the filing date, the Debtor had not yet received the check.

Debtor's original schedules listed the value of his worker's compensation claim as "unknown."  The Trustee objected.  The Debtor amended his Schedule B to reflect the actual settlement amount of $173,679.49.  The Debtor also amended Schedule C listing an exemption of all of the worker's compensation funds under 11 U.S.C. § 522(d)(10)(C) and (d)(11)(E).  An evidentiary hearing was held on the Trustee's objection on May 1, 2012.  The court took the matter under advisement after the close of proofs.

## V.  <u>DISCUSSION</u>.

11 U.S.C. § 522(d) provides, in pertinent part:

> The following property may be exempted under subsection (b)(2) of this section:
>
> * * *
>
> (10) The debtor's right to receive –
>
> * * *
>
> (C) a disability, illness, or unemployment benefit;
>
> * * *

4

> (11) The debtor's right to receive, or property that is traceable to –
>
> * * *
>
> (E) a payment in compensation of loss of future earnings of the debtor . . . to the extent reasonably necessary for the support of the debtor[.]

Exemptions are to be liberally construed in favor of a debtor and the burden of proof is on the objecting party to prove that the exemption is not validly claimed.  Menninger v. Schramm (In re Schramm), 431 B.R. 397, 400 (B.A.P. 6th Cir. 2010); Fed. R. Bankr. P. 4003(c).  Exemptions are determined as of the filing date.  In re OBrien, 443 B.R. 117, 130 (Bankr. W.D. Mich. 2011) (citing White v. Stump, 266 U.S. 310, 45 S. Ct. 103 (1924)).

Lump sum worker's compensation awards may be exempted under 11 U.S.C. § 522(d)(10)(C) when the funds have not yet been received at the time the debtor files his petition for relief under the Bankruptcy Code.  In re Williams, 181 B.R. 298 (Bankr. W.D. Mich. 1995); see also Szybist v. Michael (In re Michael), 262 B.R. 296, 298 (Bankr. M.D. Penn. 2001).

The Trustee asserts that the Debtor's receipt and deposit of his check the day after he filed his petition is a "suspicious coincidence."  He bases this assertion upon circumstantial evidence.  There is nothing on the record to support the Trustee's suspicions other than the date on the check.  Therefore, the Trustee has failed to meet his burden of proof that the exemption is not validly claimed.  Because the Debtor did not receive the settlement check until after he filed his petition on October 3, 2011, the funds are exempt.

Based upon the plain meaning of 11 U.S.C. § 522(d)(10)(C), which states that the "debtor's *right to receive* . . . a disability, illness, or unemployment benefit" may be exempted, if the award is considered a disability benefit, the Debtor's settlement funds of

$173,679.49 are exempt.  11 U.S.C. § 522(d)(10)(C) (emphasis added).  See also United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S. Ct. 1026, 1030 (1989) (if a statute's language is plain and unambiguous, it should be enforced in accordance with its terms).

However, if the award is considered as loss of future earnings, it is exempt under 11 U.S.C. § 522(d)(11)(E).  At the time the petition was filed, the Debtor had a right to receive the compensation for loss of future earnings.[1]

The Trustee principally relies upon the *result* in In re Williams, 181 B.R. 298 (Bankr. W.D. Mich. 1995).  In Williams, the debtors *received the lump sum worker's compensation award payment several years prior to filing the bankruptcy case*.  The debtors in Williams spent much of the award prepetition.  There was no "right to receive" the benefit.  It had already been received by the debtors in Williams.  Also, in Williams, the funds were not traceable to the award.

## VI.  CONCLUSION.

The Trustee's objection to the Debtor's exemption of the worker's compensation award is overruled.  The award is exempt under 11 U.S.C. § 522(d)(10)(C) and/or 11 U.S.C. § 522(d)(11)(E).

A separate order shall be entered.

Dated this 13 day of June, 2012
Grand Rapids, Michigan

Honorable James D. Gregg
Chief United States Bankruptcy Judge

---

[1] Because of the specific facts in this case, the court need not explicitly determine whether the award constituted a disability benefit, a loss of future earnings, or a combination of both as opined by Attorney Podein.  Regardless of characterization, the entire award is exempt.